SUMMARY ORDER

Petitioner Lizhen Lin, a native and citizen of the People’s Republic of China, seeks review of a July 24, 2008 order of the BIA denying his motion to reopen. In re Lizhen Lin, No. A71 036 737 (B.I.A. July 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA denies a motion to reopen, this Court reviews the BIA’s decision for an abuse of discretion. Kaur v. BIA, 413 F.3d 232,. 233 (2d Cir.2005). In reviewing the BIA’s denial of motions to reopen, this Court has remained mindful of the Supreme Court’s admonition that motions to reopen are “disfavored.” See Maghradze v. Gonzales, 462 F.3d 150, 154 (2d Cir.2006).
Here, the BIA did not abuse its discretion in denying Lin’s motion to reopen as untimely. Under the relevant regulations, an alien may file one motion to reopen within 90 days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)(2). It is undisputed that Lin’s motion to reopen, filed almost five years after his final order of removal, was untimely. However, the time limit does not apply to a motion to reopen that is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as “changed country conditions” and distinguished from “changed personal circumstances.” See Jian Huan Guan v. BIA, 345 F.3d 47, 49 (2d Cir. 2003).
*660 The BIA properly found that Lin failed to establish changed country conditions. While Lin argues that the BIA abused its discretion in finding that his evidence did not demonstrate changed country conditions, we have rejected the notion that the agency “must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.” Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (citation and internal quotation marks omitted); see also Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006) (noting that the Court “presume[s] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise”). Here, the BIA referred to the “numerous documents” that Lin submitted in support of his motion but found them insufficient to demonstrate that country conditions had changed with respect to members of the Chinese Democracy Party since Lin’s merits hearing in August 2000.
Lin argues that country conditions in China have worsened since his merits hearing due to the government’s “crack down” on political dissidents who publish pro-democracy articles on the internet. However, as the government properly argues, Lin’s argument lacks merit because he fails to demonstrate that China changed its policy toward political dissidents.
In addition, Lin contends that the BIA erroneously denied his motion to reopen without separately addressing his request for CAT relief. Contrary to Lin’s argument, he was required to demonstrate changed country conditions in order to have his proceedings reopened regardless of the relief he sought. See 8 U.S.C. § 1229a(c)(7)(C)(ii).
Accordingly, the BIA’s denial of Lin’s motion to reopen was not an abuse of discretion. See Kaur, 413 F.3d at 233.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).